IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-03212-WJM-MJW

TAYLRE MALLOY,

    Plaintiff,

v.

COLD STONE CREAMERY
ANJALI SARWAL

    Defendant.

---

## STIPULATED PROTECTIVE ORDER ( Docket p. 9-1 )

---

    To adequately protect material entitled to be kept confidential, expedite the flow of discovery and facilitate the prompt resolution of disputes over confidentiality, it is HEREBY ORDERED that:

    Documents or information produced or provided by the parties during the course of discovery in the above matter may be designated as "Confidential Information" so long as the party who seeks confidentiality has a good faith belief that such document or information is entitled to confidentiality under the terms of this Order.

    2.    For purposes of this Order, "Confidential Information" means (a) any personnel or personal information for employees, including plaintiff, of Defendants, including any personnel database identifying such employees, (b) any document or information designated as confidential in accordance with paragraph 6 of this Order, or (c) any aggregation of

1

Confidential Information. The identification of an individual document or category of documents or information as Confidential Information may be challenged pursuant to paragraph 9 of this Order.

3. For purposes of this Order, "Document" is defined as provided in Fed. R. Civ. P. 34(a).

4. For purposes of this Order, "Producing Party" means a party that produces Confidential Information or other information in connection with this litigation.

5. For purposes of this Order, "Recipient" means a named party in this litigation (or counsel thereto and their agents) who receives Confidential Information or other information in connection with the litigation.

6. A. The Producing Party may designate as Confidential Information any information it believes to be confidential, including, without limitation, (i) non-public information about a past, present or potential employee (including plaintiff) of Defendants or their affiliates, including personnel records, evaluations, compensation levels, databases, surveys, statistical analyses, analyses of personnel practices, or other information incorporating or aggregating information pertaining to individuals, (ii) medical information or school records and (iii) trade secrets or other non-public proprietary, strategic or commercial information, data or research of Defendants of any of their affiliates.

B. To designate Confidential Information on Documents, the Producing Party shall place a legend or stamp upon the Document indicating such in a way that brings the designation to the attention of a reasonable examiner, or otherwise puts the Recipient on reasonable notice that it contains Confidential Information, which notice may also be

contained in separate correspondence within 10 days after production. Medical records obtained by Plaintiff or Defendant pertaining to the Plaintiff shall automatically be considered to be Confidential. To designate Confidential Information in testimony (or in exhibits referred to therein), the Producing Party shall (a) make an oral statement to that effect on the record, or (b) notify the Recipient in writing at any time up until twenty (20) days after receipt of the transcript.

7. The Recipient of Confidential Information shall use that information solely in connection with this litigation, and shall not disclose Confidential Information to any person except:

- a) the named plaintiff and his immediate family, in accordance with the procedures set forth in paragraph 8 of this Order;
- b) the Court and its officers (including court reporters);
- c) counsel of record in this action and employees or agents of counsel in this action who have been or are expected to be engaged in the conduct of this litigation;
- d) Defendants' or affiliates' in-house counsel, if any;
- e) experts or litigation consultants or litigation support services engaged by counsel to assist in this litigation, provided that these expert witnesses or litigation consultants or litigation support services expressly agree to be bound by the terms of this Order in accordance with the procedures set forth in paragraph 8 of this Order;
- f) fact witnesses but only in accordance with the procedures set forth in paragraph 8 of this Order.

8. The Recipient of Confidential Information shall disclose such information to persons set forth in paragraphs 7(a), 7(e) or 7(f), of this Order only under the conditions set forth below:

- a) Prior to disclosure of Confidential Information to persons described in paragraphs 7(a), 7(e) or 7(f), the Recipient shall advise that person that,

3

      pursuant to this Order, he or she may not divulge such information to any other individual.

  b) Any person who receives Confidential Information pursuant to paragraphs 7(a), 7(e) or 7(f), shall provide a written acknowledgment that he or she has read this Protective Order and agrees to be bound by its provisions. Such acknowledgements shall be retained by counsel and are subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

  9. In the event the Recipient disputes the Producing Party's designation of individual documents or a category of documents or information as Confidential Information, the Recipient shall notify the Producing Party in writing of such dispute. In an effort to settle such dispute without judicial intervention, the parties shall meet and confer to determine whether the restrictions imposed by this Order are warranted with respect to such disputed information. If resolution of the dispute cannot be reached, the Producing Party may apply to the Court for an appropriate determination. In connection with such an application, the Producing Party shall bear the burden to show that the information is entitled to continued protection under the Federal Rules of Civil Procedure and applicable case law. During the pendency of such dispute or application, and until the court may rule otherwise, the information designated Confidential Information shall remain subject to the designations and restrictions of this Order.

  10. Inadvertent failure to designate Confidential Information shall not be construed as a waiver, in whole or in part, and may be corrected by the Producing Party by written notification to the Recipient promptly upon discovery of the failure to designate.

  11. All information obtained by a Recipient in discovery in this litigation, regardless of whether it is Confidential Information, shall be used by the Recipient solely for the prosecution or defense of the claims in this litigation, and shall not be used by the Recipient for

any business, commercial, competitive, personal, publicity, or media purpose, except that nothing herein shall preclude Defendants from pursuing legal or other business action in discovered instances of misconduct as to its own employees or ensuring that its employees are acting in accordance with the law. The parties expressly agree and understand that responding to question(s) presented by media regarding any information available in the public record, including any Confidential Information that has become part of the public record, shall not constitute a violation of this Order. No Recipient or other person to whom Confidential Information is disclosed shall copy, transcribe, or otherwise reproduce in written or any other form any part or portion of any Confidential Information except as necessary for purposes of the litigation.

12. Within fifteen business days after the conclusion of this litigation, by adjudication (including appeals) or otherwise, the Recipient shall return to the Producing Party or destroy all Confidential Information, all copies of such information, and any Documents incorporating such information. Where the parties agree to destroy Confidential documents, the destroying party shall provide all parties with an affidavit confirming the destruction. This requirement shall not be construed to violate Colorado Rules of Professional Conduct 1.15.

13. Confidential Information shall not be filed in the public record of this litigation, unless the Court determines that the filing of such information in the public record of this action is appropriate. Any request to restrict access must comply with the requirements of D.C.COLO.LCivR 7.2. The designating party bears the burden of filing any required motions pursuant to D.C.COLO.CivR 7.2

14. Nothing in this Order shall be deemed to be a limit or waiver of the attorney-client privilege, the work product privilege, or any other relevant privilege. Further, inadvertent production of privileged information shall not waive the privilege. If privileged information is inadvertently produced, the Recipient agrees that, upon request from the Producing Party, it shall promptly return all copies of Documents containing the privileged information, delete any versions of the Documents containing the privileged information on any database or computer filing system it maintains, and make no use of the privileged information.

15. Nothing in this Order shall prohibit any party from objecting to the production or disclosure of Confidential Information solely on the grounds that such information is confidential or sensitive, or on any other grounds. Furthermore, nothing in this Order shall preclude the parties from objecting to the admissibility or use of Confidential Information.

16. Nothing in this Order shall preclude any Confidential Information from being used as evidence by either party in this civil action. Confidential Information may be used during trial to the extent permitted by Federal Rules of Evidence.

17. If a Recipient discloses Confidential Information in a manner not authorized herein, the Recipient must immediately and in writing notify the Producing Party of all pertinent facts relating to such disclosure and, without prejudice to other rights and remedies of the Producing Party, make every effort to prevent further disclosure by the Recipient or by the person to whom the Recipient disclosed such information.

18.. The Court shall retain jurisdiction, until Termination of This Case. ~~both before and after the entry of final judgment in this case, whether by settlement or adjudication, to construe, enforce, and amend the provisions of this Order~~.

**SO ORDERED:**

*[signature]*

Dated: February 11, 2013

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO